FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 DEC -5  AM 8: 04

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

K-TEK COMPUTERS, INC. D/B/A COMPUTER
REFURB,
               Plaintiff,

-vs-                                                                                              Case No. A-14-CA-1067-SS

FRED SERHAL; THE GO DADDY GROUP,
INC.; VOLUSION, INC.,
               Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff K-Tek Computers, Inc.'s Application for Temporary Restraining Order and Preliminary Injunction [#5]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order DENYING the application.

### Background[1]

In October 2012, Plaitiff K-Tek Computers, Inc. (K-Tek) purchased from Defendant Fred Serhal the internet domain www.computersnow.com. Serhal used the website to sell refurbished computers and ancillary equipment, and K-Tek continued the website for the same purpose following the purchase. In November and December 2013, Serhal suspended operation of computersnow.com a number of times based on a dispute over K-Tek's payments under the parties' purchase agreement. These suspensions prevented K-Tek from operating its business through computersnow.com as

---

[1] This Background section simply recounts Plaintiff's allegations as described in its Complaint [#1] and Application for Temporary Restraining Order and Preliminary Injunction [#5].

normal, and as a result, K-Tek decided to stop using computersnow.com in favor of another domain, www.computerrefurb.com.

K-Tek had purchased computerrefurb.com from a third party prior to its purchase of computersnow.com, and K-Tek used computerrefurb.com for the same purpose as computersnow.com, i.e., to sell refurbished computers and ancillary equipment. Serhal never owned computerrefurb.com or had anything to do with its operation. The two websites are entirely distinct, and the operation of one is not dependent on or related to the other.

On or around November 4, 2014, K-Tek received notice from the domain registrar and web hosting service provider, Defendant Volusion, Inc., that someone was trying to transfer the domain computerrefurb.com to another registrar, Defendant Go Daddy. K-Tek's president, Rock King, informed Volusion the transfer was not authorized. Subsequently, King initiated an attempt to transfer the domain to Go Daddy in an apparent effort to avoid the transfer by the unauthorized individuals. Over the next three days, K-Tek and the unauthorized individuals continued in parallel efforts to communicate with Volusion in order to transfer computerrefurb.com to Go Daddy.

K-Tek later determined the unauthorized individuals were Serhal and his business associate, Christine Palonek. K-Tek theorizes Serhal was able to gain access to K-Tek's Volusion account regarding computerrefurb.com by impermissibly accessing King's email account with computersnow.com (rock@computersnow.com). Since Serhal owned computersnow.com, he could access King's email account, and since King used this email account to communicate with Volusion regarding computerrefurb.com, including passwords, then Serhal could also view this information.

Despite being aware of the breach of security, Volusion communicated an authorization code to K-Tek in a message to which Serhal and Palonek had access. Go Daddy required the

authorization code in order to transfer computerrefurb.com from Volusion's servers to Go Daddy's. With this code, Serhal and Palonek were able to then complete the transfer to Go Daddy, after which they created password protections preventing access to or control of computerrefurb.com by K-Tek. The transfer occurred November 7, 2014, and since that date, K-Tek has been unable to control computerrefurb.com, the website it uses to operate its business. Serhal, however, has allowed K-Tek to modify the website's contents and continue to make sales, at least for now. The details of this current arrangement are unclear to the Court.

On November 26, 2014, K-Tek filed this lawsuit against Serhal, Go Daddy, and Volusion, asserting causes of action for: (1) violations of the Computer Fraud and Abuse Act (CFAA) by Serhal for obtaining and trafficking in K-Tek's passwords to intercept emails and access K-Tek's account with Volusion; (2) conversion by Serhal and Go Daddy; (3) trespass to chattel by Serhal and Go Daddy; (4) a request for injunctive relief based on the first three causes of action; (5) violations of the Lanham Act, including (a) direct trademark infringement by Serhal, and (b) contributory infringement by Go Daddy and Volusion; (6) Texas common law unfair competition; (7) a request for injunctive relief under the Lanham Act; and (8) negligence by Volusion.

On the same day, K-Tek filed its Application for Temporary Restraining Order and Preliminary Injunction [#5]. Specifically, K-Tek seeks the following injunction: (1) that Go Daddy be restrained from allowing computerrefurb.com to be either transferred to another registrar, or canceled, restricted, or otherwise tampered with; (2) that Go Daddy be restrained from canceling or otherwise suspending operation of K-Tek's website at that domain and that it ensure continued access by K-Tek to that website so as to modify and otherwise operate it; (3) that (1) and (2) remain in effect as long as K-Tek pays normal fees charged typical customers for Go Daddy's registrar and

web hosting services; and (4) that Serhal be restrained from transferring computerrefurb.com from Go Daddy or otherwise seeking to cancel, restrict or otherwise tamper with computerrefurb.com or the website hosted on computerrefurb.com. *See* Pl.'s Appl. [#5], ¶ 2.

## Analysis

### I. Legal Standard—Temporary Restraining Orders (TROs) and Preliminary Injunctions (PIs)

Issuing a TRO or a PI is an "extraordinary and drastic remedy." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (internal quotation omitted). A TRO should issue only if the alleged harm is "immediate and irreparable." FED. R. CIV. P. 65(b). The Court may issue such extraordinary relief if the movant establishes "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (internal quotation omitted). Because TROs and PIs are extraordinary remedies, the movant must "clearly carr[y] the burden of persuasion on all four requirements." *PCI Transp. Inc. v. Fort Worth & W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotations omitted).

### II. Application

K-Tek has failed to meet its burden and convince the Court injunctive relief is an appropriate remedy at this stage of the litigation.

A.    **K-Tek has not met its burden to show a substantial likelihood of success on the merits**

K-Tek's application for injunctive relief is premised on a substantial likelihood of success pertaining to "Serhal's hijacking of [computerrefurb.com], as well as Go Daddy's participation" resulting in violations of the CFAA, conversion, and trespass to chattel. *See* Pl.'s Appl. [#5], ¶ 20. While there are a number of reasons K-Tek falls short of meeting its burden, the Court highlights a few.

First, the Court examines the allegations against Serhal. As an initial matter, there are significant questions regarding whether the exercise of personal jurisdiction over Serhal is permissible. Serhal is a resident of Panama, and the basis for jurisdiction over him is "he intentionally committed various torts with the specific intent to injure K-Tek in Texas," and he committed the theft "by interacting and exchanging files with K-Tek's registrar and web hosting company, Volusion, that has its offices and the servers on which the domain and website were maintained, in Texas." *See* Compl. [#1], ¶ 7. According to K-Tek's allegations and exhibits, however, Serhal himself never communicated with Volusion; rather, "Chris" exchanged messages with Volusion. *See* Compl. [#1], ¶¶ 17, 21; *id.* [#1-3], Ex. B at 3. K-Tek's theory is that "Chris" is Christine Palonek who is Serhal's business associate and is located in Florida. *See* Compl. [#1], ¶ 21. Serhal's name does not appear on any of the communications with Volusion, casting doubt on whether Serhal has sufficient contacts with Texas for personal jurisdiction.

In addition, according to K-Tek's pleadings, it had a purchase agreement with Serhal, and a dispute arose concerning K-Tek's payments under this contract. K-Tek, though, has not produced this contract, and the circumstances of this dispute remain murky. As the Court suspects and K-Tek confirms, Serhal's supposed "hijacking" of computerrefurb.com "indicates he thinks that dispute

[regarding payment under the purchase agreement] has not been resolved." Pl.'s Appl. [#5], ¶ 28. In other words, Serhal has engaged in self-help because, in his view, K-Tek breached its obligations under the purchase agreement. If this is true and K-Tek has failed to comply with its contract, K-Tek's resort to equity is not met with favor by the Court. As the record stands, the Court is in the dark regarding the purchase agreement because K-Tek has failed to adequately explain its background and specifically the dispute over payments.

Relatedly and finally, K-Tek's allegations and exhibits concerning Serhal lack in detail and clarity and are simply insufficient for this Court to take the drastic measure of injunctive relief. While the Court understands the basic theory of K-Tek's complaint, the particulars remain wanting, and because the Court has as many questions as answers, an injunction would be inappropriate.

Second, the Court considers the allegations against Go Daddy and fails to see how K-Tek is entitled to injunctive relief restraining Go Daddy as K-Tek has requested. K-Tek does not have a contractual relationship with Go Daddy, and as far as the Court can tell from K-Tek's allegations, Go Daddy has done nothing except operate as it normally does. As K-Tek relays the events, Serhal and Palonek obtained, albeit fraudulently, the authorization code, and they then submitted this code to Go Daddy in order to complete the transfer. As far as Go Daddy was concerned, this transaction involved a customer submitting a valid authorization code for the purposes of a transfer. Whether Serhal and Palonek have defrauded K-Tek in doing so is a dispute between K-Tek and those individuals, but Go Daddy cannot plausibly be held liable for violations of the CFAA, conversion, or trespass to chattel when, for all it knows, it has processed a legitimate transfer request. Go Daddy has merely conducted its normal business practices, and as such, injunctive relief against Go Daddy is inappropriate at this juncture.

B.  **K-Tek has not met its burden to show a substantial threat of irreparable injury if the injunction is denied**

To be entitled to preliminary injunctive relief, K-Tek must show the alleged injury is "immediate and irreparable." FED. R. CIV. P. 65(b). The mere possibility of irreparable harm is not enough; the threat of irreparable harm must be likely. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The current state of affairs is not altogether clear; while K-Tek complains it has lost control over its website, it also concedes Serhal has allowed it to continue modifying the website under terms not described to the Court. In other words, K-Tek is still running its business through computerrefurb.com despite Serhal exercising control. If K-Tek is still operating its business through the website, the immediate and irreparable harm to be suffered is not apparent to the Court.

K-Tek does not contend it is currently suffering any harm but rather expresses concern Serhal will suspend the website in the future just as he previously shut down computersnow.com in November and December 2013 regarding the payment dispute under the purchase agreement. Instead of showing Serhal has actually threatened a shutdown or that a shutdown is likely, K-Tek only posits "there is every reason to think that [Serhal] will once again engage in unjustified self help, and shut down [computerrefurb.com] to extort payment [for computersnow.com]." Pl.'s Appl. [#5], ¶ 28. This sort of speculative harm is not enough to warrant injunctive relief.

### Conclusion

The Court DENIES K-Tek's request for a TRO and a PI without prejudice to refiling once K-Tek has served the defendants in this case. With any luck, service of process on Serhal will bring him and K-Tek to the negotiation table, so these parties might resolve their various disagreements regarding both computersnow.com and computerrefurb.com. If they are unable to do so, then K-Tek

is free to refile its application for an injunction, which should contain detailed pleadings, affidavits, and exhibits, demonstrating both a substantial likelihood of success on the merits and immediate, irreparable harm.  The Court, after allowing time for the defendants to respond, will reconsider the application at that time.

Accordingly,

IT IS ORDERED that Plaintiff K-Tek Computers, Inc.'s Application for Temporary Restraining Order and Preliminary Injunction [#5] is DENIED without prejudice to refiling after service of process on the defendants.

SIGNED this the 4th day of December 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE